**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nathaniel COKER, Defendant–Appellant.**

**No. 01–3007.**

United States Court of Appeals, Sixth Circuit.

Nov. 2, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

### ORDER

Nathaniel Coker appeals pro se from the district court's denial of his motion to take judicial notice and to enlarge the record under Fed.R.Evid. 201 and Fed. R.App. P. 10(e). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Coker was convicted of distributing heroin and of being a felon in possession of a firearm, violations of 18 U.S.C. § 922 and 21 U.S.C. § 841(a)(1). He was sentenced to ninety-six months of imprisonment, and this sentence was affirmed on direct appeal.

Coker moved for a new trial under Fed. R.Crim.P. 33, primarily alleging that newly discovered evidence indicated that the government had withheld evidence regarding the criminal history of a witness who had coerced another witness into testifying falsely at trial. The district court denied this motion and Coker's motion for reconsideration by marginal entries.

Coker appealed the denial of his Rule 33 motion, and his case was remanded to allow the district court to replace its marginal orders with a reasoned decision. On January 17, 2001, the court entered a memorandum opinion and order that denied Coker's Rule 33 motion on the merits. It also issued a separate order, noting that Coker's prior motion for reconsideration was now moot. These rulings are not directly at issue here.

Coker filed the Rule 10(e) motion that is the subject of his present appeal while his Rule 33 case was on remand to the district court. He moved to supplement the record with documents that were allegedly related either to his prior criminal case or to a proposed civil rights action. The court denied the motion on December 13, 2000, and it is from this order that Coker now appeals.

Rule 10(e) cannot be used to add new evidence that substantially alters the record. *United States v. Barrow,* 118 F.3d 482, 487–88 (6th Cir.1997). Instead, it al-

lows the record to be modified when: 1) the parties dispute whether it actually discloses what occurred in the district court; or 2) a material matter has been omitted by error or accident. *Id.* at 487. The district court properly found that Coker had not met these requirements because he did not show that the proposed evidence was material to his Rule 33 motion. This is so despite Coker's assertion that the evidence was intended to show his diligence. Thus, the district court properly denied the motion because the proposed evidence had not been omitted from the record by error or accident. *See* Fed. R.App. P. 10(e)(2).

█ Rule 201 allows the courts to take judicial notice of facts that are "not subject to reasonable dispute." Fed.R.Evid. 201(b). Coker's request did not meet this standard because it involved documents that were already part of the record or allegations of disciplinary violations that were plainly open to dispute. *See United States v. Bonds,* 12 F.3d 540, 553 & n. 8 (6th Cir.1993).

Coker now argues that he was denied due process of law and that the district court judge discriminated against him by not explaining the decision to deny his Rule 33 motion. These arguments are moot because the district court has now issued reasoned opinions regarding the denial of Coker's Rule 33 motion and motion for reconsideration.

Accordingly, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.